MEMORANDUM *
We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291.[1] We review de novo the district court’s decision on an appeal from a bankruptcy court. In re Saxman, 325 F.3d 1168, 1172 (9th Cir.2003). We independently review the bankruptcy court’s decision and do not give deference to the determinations of the district court. Id.
We reverse the district court because the conduct giving rise to the attorney fee award occurred post-discharge and therefore does not violate Vickie Lynn Marshall’s discharge injunction. See Siegel v. Fed. Home Loan Mortgage Corp., 143 F.3d 525, 532-34 (9th Cir.1998). We remand to the district court with instructions for the district court to reverse the decision of the bankruptcy court and for it to remand this case to the bankruptcy court for proceedings consistent with this disposition.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. We grant the requests for judicial notice filed by E. Pierce Marshall and Vickie Lynn Marshall.